IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 4:02-CR-100-004 |
| | § | |
| CHADWICK JASON PARMLEY | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 13, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Chadwick Jason Parmley. The government was represented by Maureen Smith, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by attorney Jay Ethington.

Defendant originally pleaded guilty to the offense of Conspiracy With Intent to Distribute Controlled Substances, a Class C felony. The offense carried a statutory maximum imprisonment term of twenty (20) years. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. On September 18, 2003, U.S. District Judge Paul Brown of the Eastern District of Texas sentenced Defendant to 30 months imprisonment followed by a three year term of supervised release, subject to the standard conditions of release, plus special conditions to include a $100 special assessment, $2,000 fine, financial disclosure, and drug and alcohol treatment and testing. On January 7, 2005, Defendant completed the term of imprisonment, and began his term of supervised release.

Under the terms of the supervised release, Defendant was prohibited from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated his conditions of supervised release by committing the offense of Possession of a Controlled

Substance, specifically 4> - <200 grams of Cocaine and<1 gram of methamphetamine, and also by associating with persons engaged in criminal activity, as evidenced by his arrest on September 30, 2006.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two years of imprisonment may be imposed.  18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.  Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing 4> - <200 grams of Cocaine and <1 gram of methamphetamine would be a Grade B violation, for which the Court shall revoke probation or supervised release.  U.S.S.G. § 7B1.3(a)(2).  Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months.  U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pleaded true to the offenses of Possession of a Controlled Substance, specifically 4> - <200 grams of Cocaine and<1 gram of methamphetamine, and to associating with persons engaged in criminal activity.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Chadwick Jason Parmley be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12  months and 1 day, with no supervised release to follow.  The Court further **RECOMMENDS** that Defendant's place of confinement be at Seagoville, TX, if possible.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Richard Schell

for adoption immediately upon issuance.

**So ORDERED and SIGNED this 21st day of September, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE